**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **C4Polymers, Inc.,** | ) | **CASE NO.  12 CV 2400** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Huntington National Bank,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

This is a removed action relating to an alleged unauthorized wire transfer from an account of plaintiff at Huntington National Bank. Defendants filed a notice removing the action to federal court on September 25, 2012. Defendants now move to dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 6). Plaintiff has filed a motion to remand the action back to state court. (Doc. 14). In addition, plaintiff has filed a "response to defendant's motion to dismiss or in the alternative motion to amend complaint." (Doc. 15.) For the reasons stated below, plaintiff's motion to remand the action to state court is granted.

1

**Facts**

Plaintiff filed its complaint in state court on August 29, 2010, alleging two state law claims against defendants Huntington National Bank and John Doe Defendants No. 1 and 2. Plaintiff's complaint alleges that, "on December 24, 2008, Fifty Thousand Dollars ($50,000.00) was wired from the Huntington Bank Account of Plaintiff to a bank account located, to the best of Plaintiff's knowledge in Moscow, Russia." This wire transfer was allegedly "initiated by some third party unknown [and] without the Plaintiff's knowledge or authority." Count 1 alleges a claim for negligence, alleging that defendants acted "negligently with reference to their duty to the Plaintiff as it related to Plaintiff's bank account and the funds contained in that account." The claim alleges that "the actions and inaction of the Defendants in failing to intervene to stop this unauthorized wire of funds out of the Plaintiff's account constitutes wanton and willful disregard for the security and safety of the funds of the Plaintiff" and that plaintiff has not had success in its "efforts to have Huntington bank restore the funds to its account."

Count 2 alleges that "defendants have a contractual relationship with the Plaintiff who was an account holder" and that defendants' "failure to prohibit or stop the aforesaid wiring of funds constituted a violation of the contract between the parties." The count alleges that defendants "failure to restore to the Plaintiff the Fifty Thousand Dollars ($50,000.00) improperly removed from Plaintiff's account constitutes a violation of the contract between the parties."

Defendants removed the action to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331, which provides that "district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**Discussion**

Defendants move to dismiss plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's alleged state law negligence and breach of contract claims regarding the alleged unauthorized wire transfer are preempted by federal law, specifically, Federal Reserve Board Regulation J, Subpart B, 12 C.F.R. §§210.25-32 (Regulation J). Defendants argue that plaintiff's complaint must be dismissed because it does not allege a right to reimbursement from Huntington pursuant to Regulation J but alleges only preempted state law claims. (Def. Mem. at 2, 4-5.) Plaintiff, on the other hand, contends the action should be remanded to state court because its complaint does not present a federal question and diversity jurisdiction does not exist.

"A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. Plaintiff's motion challenges the Court's subject matter jurisdiction; therefore, the motion to remand is not barred by the 30 day-time limit in 28 U.S.C. §1447(c).

To support their contention that plaintiff's state law claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), defendants rely on Fourth Circuit decisions that found state law claims pertaining to "funds transfers through Fedwire"[1] preempted by Regulation J.

---

[1] Fedwire is a "funds-transfer system owned and operated by the Federal Reserve

3

*Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220 (4th Cir. 2002); *Donmar Enterprises, Inc. v. Southern National Bank of North Carolina*, 64 F.3d 944 (4th Cir. 1995). The Fourth Circuit explained in *Eisenberg*:

> Subpart B of Regulation J incorporates Article 4A of the Uniform Commercial Code to "provide [ ] rules to govern funds transfers through Fedwire." 12 C.F.R. §210.25(a)(2002); *see id.* at § 210.25(a)-(b). The rules adopted from Article 4A serve as the exclusive means for determining the rights, duties, and liabilities of all parties involved in a Fedwire funds transfer. Comm. on Sec. 201.25(b), 12 C.F.R. Part 210, Subpt. B., App. A (2002). Affected parties include senders, intermediary banks, receiving banks and beneficiaries. *Id.* The Federal Reserve Board intended Subpart B to create a "uniform and comprehensive national regulation of Fedwire transfers." *Donmar*, 64 F.3d at 949.
>
> By its own terms, Regulation J "supersedes or pre-empts inconsistent provisions of state law." Comm. on Sec. 201.25, 12 C.F.R. Part 210, Subpt. B., App. A (2002). We held in *Donmar* that Regulation J preempts any state law cause of action premised on conduct falling within Subpart B, whether the state law claim conflicts with or is duplicative of Subpart B.

*Eisenberg*, 301 F.3d at 223. In *Eisenberg*, the Fourth Circuit held that state law negligence claims challenging a bank's conduct in processing a Fedwire funds transfer were preempted by Regulation J and were properly dismissed on this basis by the district court.

In *Amsouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004), the Sixth Circuit, however, found that the Fourth Circuit's decisions in *Eisenberg* and *Donmar* "clearly deal with *ordinary* preemption" rather than "complete preemption" that would "justify original arising-under [subject-matter] jurisdiction." (Emphasis in original.) As the Sixth Circuit

---

Banks that is used primarily for the transmission and settlement of payment orders governed by [12 C.F.R. §210.25 et seq.]." 12 C.F.R. §210.26(e). Defendants submit affidavit testimony that two wire transfers were initiated from plaintiff's account at Huntington National Bank on December 24, 2008, and that both of these transfers were executed through the Fedwire system. (Affidavit of April Canzano, attached to Defendants' reply brief.)

4

explained, "complete preemption" is a narrow exception to the well-pleaded complaint rule whereby the plaintiff is master of his complaint and may choose to assert only state law claims in state court. Where the plaintiff has asserted state law claims that are completely preempted by federal law, "Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim for purposes of arising-under jurisdiction" despite how the claim is pleaded. *Id*. Thus, a state law claim that is "completely preempted" by a federal law may be removed to federal court on the basis of original, "arising under" federal question jurisdiction. *See Roddy v. Grand Trunk Western Railroad Inc.*, 395 F.3d 318 (6th Cir. 2005).

But where "ordinary" preemption applies, original, arising-under jurisdiction does not exist and the state law claim may not be removed to federal court. *See id.* at 322 (reversing denial of a motion to remand). Rather, ordinary preemption is a federal defense that may be asserted in a case but is not sufficient to establish original federal question jurisdiction, even in circumstances where it appears likely that the case would eventually be dismissed on the basis of federal preemption. *Id*. ("It is settled law that 'a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

The Sixth Circuit found in *Amsouth* that Regulation J does not completely preempt state law causes of action pertaining to Fedwire transfers such that there is original, "arising under" jurisdiction under 28 U.S.C. §1331 in connection with such claims. *Amsouth Bank*, 386 F.3d at 776. Accordingly, under *Amsouth*, the state law claims alleged in plaintiff's

5

complaint are not removable to federal court on the basis of preemption. No federal claim is asserted on the face of plaintiff's complaint and plaintiff's state law claims are not completely preempted by Regulation J.

Defendants also attempt to argue in their filings that plaintiff's state law claims are properly removed to federal court on the separate basis that they "necessarily raise substantial questions of federal law." But defendants do not cite any authority supporting this proposition. They do not cite a case holding that state law claims like plaintiff's are properly removed to federal court on the basis that they raise substantial questions of federal law.[2]

**Conclusion**

For the reasons stated above, plaintiff's motion to remand the action to state court is granted. Defendants have not shown that plaintiff's complaint was properly removed to federal court pursuant to 28 U.S.C. §1331.[3]

IT IS SO ORDERED.

---

[2] Rather, defendants cite only cases from other jurisdictions finding that removal of state law claims is warranted on the basis of preemption. *See Utility Supply Co. v. AVB Bank*, No. 10-CV-124, 2010 WL 4941506 (N.D. Okla. Nov. 30, 2010); *Bensman v. Citicorp Trust*, 354 F.Supp.2d 1330 (S.D. Fla. 2005). Despite that district courts outside of this circuit have found removal warranted on the basis of preemption, as discussed above, the Sixth Circuit has found that Regulation J does *not* completely preempt state law claims so as to create original, federal question jurisdiction. *Amsouth*, 386 F.3d at 776. *Amsouth* is controlling here.

[3] After it filed its motion to remand (and as an alternative to its opposition to defendants' motion to dismiss), plaintiff filed a proposed amended complaint purporting to assert a claim under Regulation J in addition to the state law claims plaintiff asserted in its original complaint. Plaintiff's proposed amended complaint is not dispositive as to whether plaintiff's complaint was properly removed as plaintiff's original complaint is the operative, removed complaint before the Court.

6

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/8/13